IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

NICK K.K. FINKS

CRIMINAL
NO. 14-0368-3

**MEMORANDUM OPINION**

Schmehl, J. /s/JLS                                         **November 29, 2021**

Defendant Nick K.K. Finks Motions for Compassionate Release and requests that the Court releases him from FCI McKean to home confinement because of the COVID-19 pandemic and his mother's cardiovascular complications. The Government opposes the Motion by arguing that Mr. Finks declined a vaccination against COVID-19 on multiple occasions, and he does not present a medical condition that places him at an increased risk of an adverse outcome from COVID-19.

Below, the Court denies Mr. Finks' Motion for the reasons why the Government opposes the Motion, and his mother's medical complications do not present an extraordinary and compelling reason warranting his release.

**I.**      **FACTUAL BACKGROUND**

Mr. Finks was charged with bank robbery in violation of 18 U.S.C. § 2113(a), and using, carrying and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (ECF #173, at 2.) He pled guilty to both counts pursuant to a plea agreement and was sentenced to a term of 108 months' imprisonment for his crimes. (*Id.* at 2.)

He has served approximately 88 months and has credit for good conduct time of approximately 7 months, for a total time of 95 months. (*Id.* at 2.)

Mr. Finks is 32 years old and does not cite any medical conditions supporting his release. Mr. Finks' arguments for compassionate release are that COVID-19 puts him at a high risk of an adverse outcome, and his aging mother's medical condition warrants his release so that he may help take care of her. (*Id.* at 1-3.)

## II. LEGAL AUTHORITY

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). The relevant Sentencing Guidelines Policy Statement appears at § 1B1.13, and provides that the Court may grant release if, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable:" (1) "extraordinary and compelling circumstances warrant the reduction," (2) "the defendant is not a danger to the safety of any

other person or to the community, as provided in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with [the] policy statement." United States Sentencing Commission, Guidelines Manual § 1B1.13.

In application note 1 to the policy statement, the Commission identifies "extraordinary and compelling reasons" that may justify compassionate release as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> (A) Medical Condition of the Defendant.—
>>
>>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>>
>>> (ii) The defendant is—
>>>
>>>> (I) suffering from a serious physical or medical condition,
>>>>
>>>> (II) suffering from a serious functional or cognitive impairment, or
>>>>
>>>> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>>
>> (B) Age of the Defendant.—The defendant
>>
>>> (i) is at least 65 years old;
>>>
>>> (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and
>>>
>>> (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

>  (C) Family Circumstances.—
>
>>  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>>  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>  (D) Other Reasons.— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*Id.* Generally, the defendant has the burden to show circumstances that meet the test for compassionate release. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019). In addition, the factors under section 3553(a) require a determination of whether the sentence served reflects "the nature and circumstances of the offense and the history and characteristics of the defendant;" reflects "the seriousness of the offense;" promotes "respect of the law;" and affords "adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a).

Accordingly, to grant compassionate release, a court must consider the factors under section 3553(a) and the Sentencing Commission's policy statement, including its interpretation of "extraordinary and compelling reasons."

### III. ANALYSIS

Mr. Finks does not argue any specific "extraordinary and compelling reason" as a basis for his request of Compassionate Release. He generally cites the COVID-19 pandemic and his desire to care for his mother. But "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prison]'s statutory role, and its extensive and

4

professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Roder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020) ("[T]he existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit.").

To be granted Compassionate Release for a medical condition, Mr. Finks must show that he suffers "from a serious physical or medical condition," "serious functional or cognitive impairment," or that he experiences "deteriorating physical or mental health because of the aging process, that substantially diminishes [his] ability . . . to provide self-care" in prison. United States Sentencing Commission, Guidelines Manual § 1B1.13.A.

Mr. Finks has not stated, nor does the record reveal, any condition, impairment, deteriorating physical or mental health, or a risk factor identified by the CDC as increasing the risk of an adverse outcome from COVID-19. *See United States v. Cato*, 2020 WL 4193055, at *2 (E.D. Pa. July 1, 2020) (denying compassionate release for an inmate who presents no health conditions); *United States v. Moore*, 2020 WL 4193012, at *1 (E.D. Pa. July 21, 2020) (denying compassionate release to a thirty-five-year-old inmate with no health conditions). In fact, Mr. Finks was offered and declined different COVID-19 vaccines on at least three occasions. *See United States v. Jackson*, 2021 WL 1145903, at *2 (E.D. Pa. Mar. 25, 2021) ("Where [the defendant] bears the burden of demonstrating her entitlement to relief, the Court finds that her unexplained refusal to accept a COVID-19 vaccination when offered negates her otherwise compelling medical reasons for release.")

In addition, Courts in this district "have yet to find care for elderly or ill parents rises to the level of extraordinary and compelling circumstance warranting release." *United States v.*

*Thomas*, 2021 U.S. Dist. LEXIS 3579, at *9-10 (E.D. Pa. Jan. 8, 2021) (citing *United States v. Moore*, 2020 U.S. Dist. LEXIS 222450, at *11 (E.D. Pa. Nov. 30, 2020)). Moreover, caring for an elderly or ill parent is not included as an extraordinary and compelling family circumstance under the Sentencing Commission's policy statements. *See* United States Sentencing Commission, Guidelines Manual § 1B1.13. Lastly, courts routinely deny compassionate release where "the defendant cannot show that they would be the only available caregiver." *United States v. Georgiou*, U.S. Dist. LEXIS 55245, at *19 (E.D. Pa. Mar. 23, 2021) (citing *United States v. Cruz-Rivera*, U.S. Dist. LEXIS 187734, at *5 (E.D. Pa. Oct. 9, 2020)); *see Moore*, 2020 U.S. Dist. LEXIS 222450, at *12 (reasoning other courts deny compassionate release "premised on sick or elderly parents in the absence of strong evidence the petitioner is the sole individual capable of caring for the parent").

Here, care for Mr. Finks' mother is not a familial circumstance that warrants compassionate release. Mr. Finks has not provided sufficient information explaining why his mother requires a caregiver or why he is her sole caregiver, given that he has seven siblings, a father, and a stepfather. *See United States v. Siberio-Rivera*, 2020 U.S. Dist. LEXIS 235144, at *3 (E.D. Pa. Dec. 15, 2020) (reasoning a defendant did not meet his burden of showing extraordinary and compelling reasons because "he provides no information regarding his parents or their condition in his two-page Motion other than that they are 'seriously ill'"). Therefore, Mr. Finks' desire to care for his mother does not meet the threshold of "extraordinary and compelling circumstance" to warrant release.

## IV. CONCLUSION

Mr. Finks has not demonstrated any "extraordinary and compelling reason" to be granted compassionate release, therefore, the Court declines to consider the factors under section 3553(a) and denies his Motion for Compassionate Release.

Date: November 29, 2021

Jeffrey L. Schmehl
U.S. District Court Judge